**Ronny Rocael GARCIA FRANCO,
Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney
General, Respondent.**

**No. 05–71117.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 29, 2009.*

Filed Aug. 4, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Michael J. Hernandez, Esquire, Ronzio & Associates, Los Angeles, CA, for Petitioner.

Gregory Michael Kelch, John M. McAdams, Jr., Esquire, OIL, Douglas E. Ginsburg, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Ronny Rocael Garcia Franco, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000), we deny in part and grant in part the petition for review.

The record does not compel the conclusion that extraordinary circumstances excuse the late filing of Garcia Franco's asylum application. *See* 8 C.F.R. § 1208.4(a)(5). Garcia Franco's contention that the agency did not consider whether his failure to file timely was caused by extraordinary circumstances is not supported by the record. Accordingly, we deny the petition as to the asylum claim.

Substantial evidence does not support the BIA's conclusion that a changed country condition, namely the 1999 election, forecloses Garcia Franco's probability of future persecution because the BIA did not take into account the serious harm Garcia Franco suffered in Guatemala in 2000, subsequent to the changed condition. *See Lopez v. Ashcroft*, 366 F.3d 799, 805–06 (9th Cir.2004) (requiring an individualized analysis of changed country conditions). We therefore remand for the BIA to consider Garcia Franco's contentions regarding past persecution, which it has not yet addressed, and if it finds past persecution, to consider whether the government has rebutted the presumption of future persecution. *See INS v. Ventura*, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

The parties shall bear their own costs for this petition for review.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.